UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
RAFAEL FERNANDEZ, individually and on behalf of all
others similarly situated,

                                                            CIVIL ACTION NO.

                                    Plaintiff,
                                                            COMPLAINT

                    -against-

J. F. MEAT & GROCERY CORP., LUIS FERREIRA,
DANIEL FERREIRA, GIOVANNI FERREIRA, and JULIO
GUZMAN,

                                             Defendants.
--------------------------------------------------------------------------X

       Plaintiff Rafael Fernandez ("Plaintiff"), individually and on behalf of all others similarly

situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, J. F. Meat &

Grocery Corp.  ("JF Meat"), Luis Ferreira, Daniel Ferreira, Giovanni Ferreira, and Julio Guzman

(collectively, "Defendants"), respectfully alleges as follows:

## I. Nature of Action, Jurisdiction, and Venue

       1.      This is an action seeking equitable and legal relief for Defendants' violations of the

Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and the New

York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL").

       2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action

arising under the FLSA.

       3.      This Court has supplemental jurisdiction over the claims arising under New York

state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related

to Plaintiff's federal claims as to form the same case or controversy under Article III of the United

States Constitution.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5.      Plaintiff is an individual residing in the State of New York.

6.      At all relevant times, Plaintiff was employed by Defendants.

7.      While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8.      Defendant JF Meat is a domestic corporation with its principal place of business located at 1016 St. Nicholas Ave., New York, New York 10032.

9.      JF Meat owns, operates, controls, and maintains a C-Town Supermarket, located at 1016 St. Nicholas Avenue, New York, New York 10032.

10.     Defendants Luis Ferreira, Daniel Ferreira, Giovanni Ferreira, and Julio Guzman (together "Individual Defendants") are individuals residing, upon information and belief, in the state of New York.

11.     At all relevant times, Individual Defendants were, and still are, officers, directors, shareholders, and/or persons in control of JF Meat who exercise significant control over JF Meat's operations and have the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

12.     On JF Meat's New York Department of State Division of Corporations webpage, Luis Ferreira is listed as the corporation's Chief Executive Officer.

13.     At all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities, and for supervising his performance.

14.     At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

15.     At all relevant times, Defendants were responsible for compensating Plaintiff.

16.     Defendants supervised, hired, and fired Plaintiff, and controlled Plaintiff's compensation. They are jointly and severally liable in this matter.

17.     Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

18.     Defendants are covered employers within the meaning of the FLSA and NYLL and, at all relevant times, employed Plaintiff.

19.     Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

20.     The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

21.     The FLSA Collective Plaintiffs consist of no less than fifty (50) similarly situated current and former employees of Defendants who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

22.     As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern,

practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable overtime wages for all time worked in excess of forty (40) hours per week.

23.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

24.    Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

25.    The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### III. Rule 23 Class Allegations

26.    Plaintiff brings the Third, Fourth, Fifth, and Sixth Causes of Action under the NYLL on behalf of himself and all similarly situated employees who were employed by Defendants since the date six (6) years prior to the filing of this Complaint (the "Class Period") pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23.

27.    All said persons are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, the names and addresses of the Class are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

28.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts from which to calculate that number are presently within the sole control of Defendants, upon information and belief, there are no less than fifty (50) members in the Class.

29.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime wages; failing to pay spread of hours wages; failing to provide wage statements; and failing to provide payroll notices. Defendants' company-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

30.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests adverse to the Class. Plaintiff is represented by attorneys who are experienced and competent in employment and wage and hour litigation and class action litigation, and who have many times previously represented plaintiffs in wage and hour cases.

31.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy --- particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against Defendants.

32.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

33.     Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

34.     The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

35.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members, including:

a.      Whether Defendants employed Plaintiff and the Class within the meaning of the NYLL;

b.      Whether Defendants failed to pay Plaintiff and the Class overtime compensation for all hours worked in excess of forty (40) hours per workweek;

c.      Whether Defendants unlawfully failed to timely pay Class members their earned wages, in violation of NYLL § 191(1)(a)(i);

d.      Whether Defendants unlawfully failed to provide Class members with payroll notices at the start of their employment, or at any point thereafter, in violation of NYLL § 195(1);

e.      Whether Defendants unlawfully failed to provide Class members, with each wage payment, a statement listing their rates of pay and basis thereof and anything otherwise required by NYLL § 195(3);

f.      Whether Class members are entitled to damages, and if so, the means of measuring such damages;

g.      Whether Defendants are liable for Class members' attorneys' fees and costs; and

h.      Whether Defendants are liable for liquidated damages.

## IV. Factual Allegations

36.     Plaintiff worked for Defendants as a deli clerk from in or around 2013 until on or around March 2021.

37.     As a deli clerk, Plaintiff's primary job duties included providing customer service, cutting and preparing meats and cheese to sell, preparing products for sale, and taking inventory.

38.     From 2013 until on or around July 2019, Plaintiff regularly worked six (6) days per week, as follows: Monday through Saturday, beginning at approximately 8:00 a.m. and ending between 7:00pm and 11 p.m. In this time period, Plaintiff worked between sixty three (63) and eighty seven (87) hours per week.

39.     Beginning on or around July 2019, Defendants changed the Plaintiff's work schedule from six (6) days to five (5) days per week. During that time period, Plaintiff regularly worked Monday through Friday from 8:00 a.m. to 4:00 p.m.

40.     Beginning on or around July 2019, Plaintiff was required to work overtime hours approximately two times per month. On those days, Plaintiff worked from 8:00 a.m. until approximately 11:00 p.m.

41.     Beginning on or around July 2019, Plaintiff therefore worked approximately 47 hours per week two times per month.

42.     In or around May 2020, Plaintiff contracted Covid-19 and was unable to work for approximately one month.

43.     When Plaintiff returned to work on or around June 2020, his work days were reduced by the Defendants from five (5) to four (4) days per week.

44.     From in or around June 2020 until the end Plaintiff's employment, Plaintiff regularly worked four (4) days per week, as follows: Thursday through Saturday, beginning at approximately 8:00 a.m. and ending work from anywhere between 4:00pm working approximately thirty-two (32) hours per week.

45.     Throughout his employment, Plaintiff was paid an hourly rate of the minimum wage, and was never paid any overtime premium rate for the hours he worked over forty (40) in a week.

46.     Starting in or around 2019, Defendants required Plaintiff and similarly situated employees to sign pay receipts reflecting the payment of overtime compensation.  However, in reality Plaintiff and similarly situated employees were paid at their regular hourly rate and not the correct overtime premium of one and a half (1.5) times their regular rate for the hours they worked over 40 per week.

47.     While employed with Defendants, Plaintiff was a non-exempt employee entitled to overtime compensation under the FLSA and NYLL.

48.     Furthermore, Plaintiff and similarly situated employees were entitled to spread of hours pay under the NYLL.

49.     Plaintiff and similarly situated employees frequently worked shifts that spanned more than ten (10) hours per day, but was not paid spread of hours pay of one (1) additional hour's pay at the full minimum wage rate for every day in which their shift exceeded ten (10) hours ("spread of hours pay").

50.     In addition, Defendants failed to furnish to Plaintiff and similarly situated employees, at the time he was hired or at any time thereafter, a notice containing his rates of pay, the designated payday, or other information required by NYLL § 195(1).

51.     Plaintiff and similarly situated employees did not receive from Defendants, with each wage payment, statements listing his regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

52.     Defendants violated federal and state law by willfully failing to pay Plaintiff and similarly situated employees overtime compensation; failing to pay Plaintiff and similarly situated employees their spread of hours wages owed to them under the NYLL; failing to timely pay Plaintiff and similarly situated employees their full amount of wages every week; and by failing to provide Plaintiff and similarly situated employees with statutory payroll notices and wage statements.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS**
*(Overtime Violations Under the FLSA)*

53.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

54.     Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their

regular hourly rates of pay or the applicable minimum wage rate, whichever is greater, for all hours worked in excess of forty (40) hours per week.

55.    Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

56.    Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage rate, whichever is greater, for each hour worked in excess of forty (40) hours in a workweek.

57.    As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

58.    As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to additional damages equal to one hundred percent (100%) of the total wages due to them ("liquidated damages").

59.    Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE RULE 23 CLASS
*(Overtime Violations Under the NYLL)*

60.    Plaintiff repeats and realleges all prior allegations set forth above.

61.     Pursuant to the applicable provision of the NYLL, Plaintiff and the Rule 23 Class were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rate of pay or the applicable minimum wage rate, whichever is greater, for all hours worked in excess of forty (40) hours per week.

62.     Plaintiff and the Rule 23 Class regularly worked in excess of forty (40) hours per week during their employment with Defendants.

63.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the Rule 23 Class overtime wages of one and one-half (1.5) times their regular hourly rate of pay or the applicable minimum wage rate, whichever is greater, for each hour worked in excess of forty (40) hours in a workweek.

64.     As a result of Defendants' violations of the law and failure to pay Plaintiff and the Rule 23 Class the required overtime wages, Plaintiff and the Rule 23 Class have been damaged and are entitled to recover from Defendants their respective overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

65.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the Rule 23 Class are entitled to liquidated damages.

66.     Judgment should be entered in favor of Plaintiff and the Rule 23 Class and against Defendants on the Second Cause of Action in the amount of their unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF,
INDIVIDUALLY, AND THE RULE 23 CLASS**
*(Spread of Hours Violations Under the NYLL)*

67.    Plaintiff repeats and realleges all prior allegations.

68.    Plaintiff and the Rule 23 Class regularly worked shifts that spanned more than ten (10) hours per day.

69.    Defendants willfully failed to pay Plaintiff and the Rule 23 Class additional compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which their shifts spanned more than ten (10) hours.

70.    By failing to pay Plaintiff and the Rule 23 Class spread of hours pay, Defendants willfully violated NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

71.    Judgment should be entered in favor of Plaintiff and the Rule 23 Class and against Defendants on the Third Cause of Action in the amount of their unpaid spread of hours wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF,
INDIVIDUALLY, AND THE RULE 23 CLASS**
*(Failure to Provide Payroll Notices Under the NYLL)*

72.    Plaintiff repeats and realleges all prior allegations.

73.    Defendants failed to furnish to Plaintiff and the Rule 23 Class, at their time of hire or at any time thereafter, notices containing their rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; their regular pay day designated by the employer; and other information required by NYLL § 195(1).

74.     As Defendants failed to provide Plaintiff and the Rule 23 Class with payroll notices as required by NYLL § 195(1), Plaintiff and the Rule 23 Class are entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00 each, along with all reasonable attorneys' fees and costs.

75.     Judgment should be entered in favor of Plaintiff and the Rule 23 Class and against Defendants on the Fourth Cause of Action up to a maximum of $5,000.00 each, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE RULE 23 CLASS
*(Failure to Provide Wage Statements Under the NYLL)*

76.     Plaintiff repeats and realleges all prior allegations.

77.     Throughout the relevant time period, Defendants failed to furnish to Plaintiff and the Rule 23 Class, with each wage payment, a statement listing: their regular and overtime rates of pay and basis thereof; the number of regular and overtime hours they worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

78.     As Defendants failed to provide Plaintiff and the Rule 23 Class with wage statements as required by NYLL § 195(3), Plaintiff and the Rule 23 Class are entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00 each, along with all reasonable attorneys' fees and costs.

79.     Judgment should be entered in favor of Plaintiff and the Rule 23 Class and against Defendants on the Fifth Cause of Action up to a maximum of $5,000.00 each, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## <u>AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF,</u>
## <u>INDIVIDUALLY, AND THE RULE 23 CLASS</u>
*(Failure to Timely Pay Wages under the NYLL)*

80. Plaintiff repeats and realleges all prior allegations set forth above.

81. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff and the Rule 23 Class were entitled to be paid their earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

82. During the relevant time period, Defendants failed to timely pay Plaintiff and the Rule 23 Class all their earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

83. Throughout the relevant time period, Defendants failed to pay Plaintiff and the Rule 23 Class all wages earned by Plaintiff, including overtime and spread of hours wages earned.

84. As a result of Defendants' violations of the law and failure to pay Plaintiff and the Rule 23 Class in accordance with NYLL § 191(1)(a)(i), Plaintiff and the Rule 23 Class have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

85. Judgment should be entered in favor of Plaintiff and the Rule 23 Class and against Defendants on the Sixth Cause of Action for all wages due, liquidated damages, all reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

WHEREFORE Plaintiff prays for relief as follows:

a) on the First Cause of Action for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due to the Plaintiff and the Rule 23 Class, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all spread of hours wages due to the Plaintiff and the Rule 23 Class, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for liquidated damages due to the Plaintiff and the Rule 23 Class in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for liquidated damages due to the Plaintiff and the Rule 23 Class in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorney's fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for all wages due to the Plaintiff and the Rule 23 Class, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

g) Interest;

h) Costs and disbursements; and

i) Such other and further relief as the Court deems just and proper.

Dated:  New York, New York
       February 15, 2022

                                           */s/ Eliseo Cabrera*
                                           Eliseo Cabrera
                                           Katz Melinger PLLC
                                           370 Lexington Avenue, Suite 1512
                                           New York, New York 10016
                                           Telephone: (212) 460-0047
                                           Facsimile: (212) 428-6811
                                           edcabrera@katzmelinger.com
                                           *Attorneys for Plaintiff*